UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

PEOPLE #1 d/b/a JUANA DOE NUMERA
UNA; JOHN/JANE DOES 1-9, et al.,

                              Plaintiffs,

                -against-

MEDIA; JOHN/JANE DOES 1-9, et al.,

                              Defendants.

20-CV-0257 (CM)

ORDER OF DISMISSAL

COLLEEN McMAHON, Chief United States District Judge:

        Plaintiffs, who identify themselves as "People #1 d/b/a Juana Doe Numera Una" and

"John/Jane Does 1-9," bring this action *pro se*. They invoke the Court's federal question and

diversity jurisdiction, and assert claims under 42 U.S.C. § 1981. By order dated January 13,

2020, the Court granted Plaintiffs' request to proceed without prepayment of fees, that is, *in

forma pauperis* ("IFP"). The Court dismisses this action for the reasons set forth below.

## STANDARD OF REVIEW

        The Court must dismiss an IFP complaint, or portion thereof, that is frivolous or

malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a

defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v.

Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a

complaint, or portion thereof, when the Court lacks subject-matter jurisdiction. *See* Fed. R. Civ.

P. 12(h)(3). While the law mandates dismissal on any of these grounds, the Court is obliged to

construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret

them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470

F.3d 471, 474-75 (2d Cir. 2006) (internal quotation marks and citations omitted, emphasis in

original).

A claim is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989), *abrogated on other grounds by Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007); *see also Denton v. Hernandez*, 504 U.S. 25, 33 (1992) (holding that "a finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible"); *Livingston*, 141 F.3d at 437 ("[A]n action is 'frivolous' when either: (1) the factual contentions are clearly baseless . . . ; or (2) the claim is based on an indisputably meritless legal theory.") (internal quotation marks and citation omitted).

## BACKGROUND

Plaintiffs, using only the first page of the Court's general complaint form, bring claims against "Media" and "John/Jane Does1-9."[1] They indicate that "People # 1" is a member of a minority race and that intentional discrimination in the making of a contract occurred. Plaintiffs assert the following:

> USA TODAY's 'subway violinist'. . .
>
> In Atlanta, Georgia circa 2012. . .
>
> Devin Fehly did not fact check and publicized a <u>trademark</u> as if it were a people, after the BBC did the same. Caused irreparable harm and confusion aided and abetted by Rudes/Apollo Global.

(ECF No. 2, 1.)

## DISCUSSION

Even when read with the "special solicitude" due *pro se* pleadings, *Triestman*, 470 F.3d at 475, Plaintiffs' claims rise to the level of the irrational, and there is no legal theory on which they can rely. *See Denton*, 504 U.S. at 33; *Livingston*, 141 F.3d at 437.

---

[1] Plaintiffs modified this Court's complaint form to change the court name in the caption to the United States District Court for the Northern District of Georgia.

District courts generally grant a *pro se* plaintiff an opportunity to amend a complaint to cure its defects, but leave to amend is not required where it would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Because the defects in Plaintiffs' complaint cannot be cured with an amendment, the Court declines to grant Plaintiffs leave to amend and dismisses this action as frivolous. *See* 28 U.S.C. § 1915(e)(2)(B)(i).

## CONCLUSION

The Clerk of Court is directed to mail a copy of this order to Plaintiffs and note service on the docket.

The Court dismisses this action as frivolous under 28 U.S.C. § 1915(e)(2)(B)(i).

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:    January 22, 2020
          New York, New York

_____
COLLEEN McMAHON
Chief United States District Judge